IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM "LES" HESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3267 |
| | ) | |
| AMERISTEP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' following Motions (collectively Motions): Stokes Steel Treating Company's (Stokes Steel) Motion for Summary Judgment (d/e 56), Defendant Hindley Manufacturing Company's (Hindley) Motion to Bar Testimony and for Summary Judgment (d/e 59) (Hindley Motion), and Defendant Ameristep's Motion to Exclude Testimony (d/e 61) and Motion for Summary Judgment (d/e 60).  Defendants Hindley and Ameristep seek to bar the supplemental opinions of Plaintiff William Hess' expert Mark Ezra.[1]  For the reasons set

---

[1]Defendant Stokes Steel Treating Company also moved to join the other Defendants' motions to bar Ezra's opinions.  Stokes Steel Treating Company's Motion to Join Defendant Ameristep's Motion to Exclude Testimony and Memorandum of Law

1

forth below, the Motions are ALLOWED. Ezra's supplemental opinions are barred because Hess failed to provide a report setting forth those opinions as required by the Federal Rules of Civil Procedure and the Order of this Court. Without those opinions, Hess lacks sufficient evidence to establish his claim.

## STATEMENT OF FACTS

On or about October 27, 2004, Hess went hunting. He started to climb a tree from which he would hunt. Hess used a "Heavy-Duty Step Up Tree Step" (Step) to climb the tree. The Step was a metal device designed to be screwed into the trunk of a tree. The end of the Step that protruded from the tree was designed to be used as a step to assist hunters to climb trees. Hess alleges that Defendants Hindley, Ameristep, and Stokes Steel (collectively the Defendants) were involved in the design, manufacture, and marketing of the Step. On or about October 27, 2004, the Step broke when Hess used the Step to climb the tree. Hess fell and was injured.[2]

---

in Support of its Motion to Exclude Testimony (d/e 63); Stokes Steel Treating Company's Motion to Join Defendant Hindley Manufacturing Inc.'s Motion to Bar Testimony (d/e 64). Hess opposed these Motions. The Court need not decide this issue since Ezra's opinions expressed at the May 30, 2008, deposition are barred.

[2]The evidence is conflicting regarding how long the Step had been in the tree. Hess stated in his answers to interrogatories that the Step had been in the tree two years. Hindley Motion, Exhibit D, Plaintiff's Answers to Interrogatories, Answer to

2

Hess brought this action in Illinois Circuit Court in Pike County, Illinois, alleging products liability claims against the Defendants. Hess alleged that the Step was unreasonably dangerous due to a defect that existed at the time that the Step left each Defendant's control. Amended Complaint (d/e 55), Count 1, ¶¶ 3 & 4, Count 2, ¶¶ 3 & 4, Count 3, ¶¶ 3 & 4. The matter was then removed to this Court on diversity jurisdiction. Notice of Removal (d/e 1), at 2.

In discovery, Hess produced Ezra's expert report. Hindley Motion, Exhibit E, Expert Report of Mark Ezra, dated December 13, 2007 (Report). Ezra is a mechanical engineer. He opined that at the time the Step broke, the Step was:

> too brittle to be used . . . to assist hunters to climb trees. Further testing is needed to determine whether or not the choice of materials, the heat treatment, the method of manufacture, or all of these factors contributed or caused the brittle failure that caused injury to Mr. Hess.

Id., at 4. Ezra stated that he would supplement the Report after he completed further testing. Id.

---

Interrogatory 4(d). Hess stated in his deposition, however, that he removed the Step at the end of every hunting season. Hindley Motion, Exhibit C, Deposition of William Hess, at 67. The label on the Step at the time of purchase stated that it should not be left in a tree for more than ninety days. Plaintiff's Response to Motion to Bar Testimony and for Summary Judgment (d/e 72) and Exhibits (d/e 73) (Plaintiff's Response), Exhibit D, Deposition of William Hess, at 76.

The Defendants sought to take Ezra's deposition. On January 17, 2008, the Court issued a Protective Order and Modified Scheduling Order (d/e 43) (January 17 Order). The January 17 Order directed that Ezra's deposition would proceed on January 18, 2008, the date agreed upon by the parties. The January 17 Order further stated, in part:

> 2.  Following Mr. Ezra's deposition, Plaintiff shall be allowed an additional 30 days to conduct the requested destructive testing on the tree step(s) at issue, and said testing shall be conducted in the presence of any counsel of record who wish to attend with their respective consulting experts.
>
> 3.  Within 20 days from Plaintiff's destructive test, Plaintiff will produce Mr. Ezra's supplemental expert report, setting out all supplemental opinions that Mr. Ezra may add to prior testimony.
>
> 4.  Within 15 days following service of Mr. Ezra's supplemental report, or on a date agreed by all Parties, Plaintiff will make Mr. Ezra available for a second deposition by the parties.

January 17 Order, at 1 ¶¶ 2-4. At the January 18, 2008, deposition, Ezra stated that he could not tell whether the Step had either a design defect or a manufacturing defect until he completed further testing. Memorandum of Law in Support of Ameristep's Motion to Exclude Testimony (d/e 62), Exhibit 1, Deposition of Mark Ezra on January 18, 2008, at 126-27, 132-33.

The additional tests were delayed until April 16, 2008. The test results were sent to all parties. Hess, however, did not provide the Defendants with a supplemental report of Ezra's opinions based on those tests.

On May 19, 2008, the Court issued a Modified Scheduling Order (d/e 53) (May 19 Order). The Modified Scheduling Order stated, in part:

> 1. The supplemental deposition of Plaintiff's expert, Mark Ezra, shall be taken on May 30, 2008, or as soon thereafter as possible.

May 19 Order, at 1 ¶ 1. Ezra's second deposition occurred on May 30, 2008 (May 30 Deposition). Ezra there opined that the type of steel used in the Step was not appropriate for the intended purpose because the Step was subject to corrosion when used outside in the elements. Ezra opined that the tree steps should be made of stainless steel in order to resist corrosion. Hess has presented no other evidence that the Step was defective at the time that it left the control of any Defendant.

## ANALYSIS

Defendants Hindley and Ameristep move to bar the opinion of Ezra expressed at the May 30, 2008, deposition, and all three Defendants move for summary judgment. The Court will address the admissibility of Ezra's

opinions first.

I.  MOTIONS TO BAR EXPERT OPINIONS

The opinions expressed by Ezra at the May 30, 2008, deposition are barred because Hess failed to produce the Court-ordered supplemental report.  Federal Rules of Civil Procedure require parties to provide opposing counsel with reports from experts that contain all of the expert's opinions that will be presented at trial.  Fed. R. Civ. P. 26(a)(2).  Rule 26(a) also imposes a duty to supplement disclosures in accordance with Rule 26(e). Rule 26(e) provides, in part:

> (e)  Supplementing Disclosures and Responses.
>
>> (1)  In General.  A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>>
>>> (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>>
>>> (B)  as ordered by the court.

Fed. R. Civ. P. 26(e).  In this case, Hess supplied the Report in December 2007, but did not provide a supplemental report.  Ordinarily, the lack of a

6

supplemental report would not violate Rule 26(a) or 26(e) because Ezra's supplemental opinions were made known to the Defendant through Hess' second deposition. Fed. R. Civ. P. 26(e)(1)(A), quoted above. Rule 26(e)(1)(B), however, expressly provides that a Court may still order a party to produce a supplemental report. Here, the Court ordered Hess in the January 17 Order to provide a supplemental report. Hess, therefore, had an obligation under Rule 26(e)(1)(B), and the January 17 Order, to provide a supplemental report. He did not do so. Hess failed to comply with Rule 26(a) and Rule 26(e)(1)(B).

Hess argues that the April 16, 2008, test results constituted the supplemental report. This is incorrect. The supplemental report must disclose the expert's opinions. Fed. R. Civ. P. 26(a)(2)(B) & 26(e). The test results only contained the data from the test, not Ezra's opinions based on the data.

Because Hess did not comply with Rule 26(a), he may not use Ezra's supplemental opinions as "evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 641 (7th Cir. 2008). The sanction in Rule 37(c) is mandatory and automatic. Id. Ezra's

supplemental opinions are barred unless Hess' failure to provide a supplemental report is either harmless or substantially justified.[3]

The failure to provide the supplemental report was not harmless. Hess' product liability claim required Hess to prove that the Step was defective when it left each Defendant's control. Norman v. Ford Motor Co., 160 Ill.App.3d 1037, 1041, 513 N.E.2d 1053, 1055 (Ill.App. 1st Dist., 1987). The Report gave the Defendants no useable information concerning Ezra's opinions. Ezra only opined that the Step was defective because it was brittle, but he did not offer any opinions regarding the nature of the defect or whether the defect existed at the time the Step left the control of any Defendant. Thus, the Report failed to provide the Defendant with the disclosure contemplated by Rule 26. In this case, the Defendants needed Ezra's supplemental opinions in order to formulate a defense.

The May 30 Deposition also did not cure the harm. If Hess had provided a proper supplemental report, the Defendants would have known Ezra's supplemental opinions before that deposition began. The Defendants

---

[3] Hess argues that the Defendants failed to meet and confer with him to resolve this issue before seeking relief under Rule 37. The meet and confer requirements only relate to motions to compel under Rule 37(a) and motions for sanctions under Rule 37(a) and 37(d). Fed. R. Civ. P. 37(a)(1), 37(d)(1)(B). There is no meet and confer requirement in Rule 37(c).

would have spent far less time preparing for and conducting the deposition, and might have even decided not to conduct the deposition at all. Instead, defense counsel had to examine raw test data from the April 16, 2008, testing and map out all the possible opinions that might be drawn from that data. If Hess had disclosed those opinions as contemplated by Rule 26 and the January 17 Order, counsel could have focused on his conclusions rather than attempting to prepare for all possible theories. Counsel also had to spend more time conducting the May 30 Deposition. The May 30 Deposition took four hours. Plaintiff's Response, at 12. Defense counsel had both to discover Ezra's opinions and to question him about those opinions. The primary goal of Rule 26(a)(2) is to relieve parties from the time and expense of discovering expert opinions. The additional cost and expense imposed on these Defendants was not harmless. See Ciomber, 527 F.3d at 642 ("Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): 'to shorten or decrease the need for expert depositions.'" Id., at 642 (quoting Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 n. 6 (7th Cir. 1998))).

Hess' failure to provide a supplemental report also was not

substantially justified.  The Court ordered Hess in the January 17 Order to provide a supplemental report.  Hess failed to comply.  Hess argues that the May 19 Order did not mention any supplemental report.  The May 19 Order, however, only modified certain deadlines.  The May 19 Order did not rescind the January 17 Order.  Hess was still obligated under the January 17 Order to provide a supplemental report.  Hess failed to comply with that Order, and so, failed to comply with Rule 26(e)(1)(B).  The failure was not harmless or substantially justified.  Hess may not present Ezra's opinions that are not contained in the Report or revealed in his January 18, 2008, deposition, as evidence to oppose the Defendants' motions for summary judgment.  Fed. R. Civ. P. 37(c)(1).  The supplemental opinions revealed at the May 30, 2008, deposition are barred.

II.   MOTIONS FOR SUMMARY JUDGMENT

At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to Hess. Any doubt as to the existence of a genuine issue for trial must be resolved against the Defendants.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Once the Defendants have met their burden, Hess must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Hess alleges product liability claims against the Defendants. Hess, thus, must present evidence that: (1) Hess' injury resulted from a condition of the Step; (2) the condition of the Step was unreasonably dangerous; and (3) the unreasonably dangerous condition existed at the time the product left a Defendant's control. Norman, 160 Ill.App.3d at 1041, 513 N.E.2d at 1055. When read in the light most favorable to Hess, the evidence shows that Hess was injured because the Step broke, and the Step broke because it was too brittle. Hess, however, has no evidence about the condition of the Step at the time that the Step left the control of any Defendant. Ezra's Report stated that Ezra could not opine regarding the nature of the defect without further testing. Ezra confirmed at his January 18, 2008, deposition that he could not opine regarding whether there was a manufacturing or design defect without further testing. These opinions fail to show that the Step was defective at the time it left the control of any Defendant. These

11

opinions are Hess' only admissible evidence on the issue. The Defendants thus are entitled to summary judgment.

Hess argues that summary judgment is premature in this matter because discovery is not complete. He argues that additional evidence may be produced that will show that he has a claim. Defendants may move for summary judgment at any time. <u>Fed. R. Civ. P.</u> 56(b). If a party opposing summary judgment needs additional time to gather evidence to respond to a summary judgment motion, it must "show[s] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." <u>Fed. R. Civ. P.</u> 56(f). Hess has not made such a showing by affidavit as required by the Rules. The Defendants' motions for summary judgment are therefore ripe for decision.

THEREFORE, Stokes Steel Treating Company's Motion for Summary Judgment (d/e 56), Defendant Hindley Manufacturing Company's Motion to Bar Testimony and for Summary Judgment (d/e 59), and Defendant Ameristep's Motion to Exclude Testimony (d/e 61) and Motion for Summary Judgment (d/e 60) are all ALLOWED. The opinions of Plaintiff's expert Mark Ezra not contained in his Report dated December 13, 2007, or revealed in his deposition conducted on January 18, 2008, are barred.

Summary judgment is entered in favor of Defendants Stokes Steel Treating Company, Hindley Manufacturing Company, and Ameristep and against Plaintiff William "Les" Hess. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 17, 2008

      FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE